**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000464
22-AUG-2022
08:04 AM
Dkt. 66 SO**

NO. CAAP-18-0000464


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, DEPARTMENT OF EDUCATION,
BY AND THROUGH ITS ATTORNEY GENERAL, Plaintiff-Appellee, v.
SANDRA J. ROBERTS, Defendant-Appellant.


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CIVIL NO. 1RC16-1-07889)


SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Nakasone and McCullen, JJ.)

Self-represented Defendant-Appellant Sandra J. Roberts

(**Roberts**) appeals from the District Court of the First Circuit,

Honolulu Division's[1] May 3, 2018 Judgment, entered in favor of

Plaintiff-Appellee State of Hawaiʻi, Department of Education

(**DOE**).

On appeal, Roberts contends that (1) the district court

erred when it granted summary judgment to DOE because there were

genuine issues of material fact regarding whether there was a

breach of contract and unjust enrichment; (2) the district court

abused its discretion by not allowing her leave to amend her

---

[1] The Honorable Hilary B. Gangnes presided.

"answer" to DOE's second motion for summary judgment; and (3) her educational records were unlawfully obtained.[2]

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve this appeal as follows, and affirm.

(1) Roberts contends that the district court erred when it granted summary judgment to DOE because (a) the agreement was an "adhesion contract," (b) "it [was] impossible for [her] to perform[,]" (c) "there [was] no evidence that tuition stipend payments totaling $6,996.00 were made," and (d) her grievances created issues of material fact.

On appeal, the grant or denial of summary judgment is reviewed *de novo*. See State ex rel. Anzai v. City & Cnty. of Honolulu, 99 Hawaiʻi 508, 515, 57 P.3d 433, 440 (2002). "[S]ummary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Nuuanu Valley Ass'n v. City & Cnty. of Honolulu, 119 Hawaiʻi 90, 96, 194 P.3d 531, 537 (2008) (citation omitted).

"A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential

---

[2] Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 1(d) provides in part that "[a]ttorneys and pro se parties are deemed to be aware of, and are expected to comply with, all of the provisions of these rules." Roberts' opening brief, however, does not comply with HRAP Rule 28(b), and her arguments are addressed "to the extent they can reasonably be discerned" to promote equal access to justice for pro se litigants. Wagner v. World Botanical Gardens, Inc., 126 Hawaiʻi 190, 193, 268 P.3d 443, 446 (App. 2011).

elements of a cause of action or defense asserted by the parties."  Id.  "The evidence must be viewed in the light most favorable to the non-moving party."  Id.  Further, Hawai\`i Rules of Civil Procedure (**HRCP**) Rule 56(e)[3] provides in relevant part:

> When a motion for summary judgment is made . . . , <u>an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading</u>, but the adverse party's response, by affidavits or as otherwise provided in this rule, <u>must set forth specific facts showing that there is a genuine issue for trial</u>.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

(Emphases added.)  Thus, "[a] party opposing a motion for summary judgment cannot discharge his or her burden by alleging conclusions[.]"  Henderson v. Prof'l Coatings Corp., 72 Haw. 387, 401, 819 P.2d 84, 92 (1991) (citation omitted).  "Bare allegations or factually unsupported conclusions are insufficient to raise a genuine issue of material fact[.]"  Reed v. City & Cnty. of Honolulu, 76 Hawai\`i 219, 225, 873 P.2d 98, 104 (1994) (citation omitted).

(a) First, Roberts does not provide any evidence or legal analysis to support her allegation that she was somehow coerced into signing the agreement, that there was unequal bargaining strength between the parties, or that the agreement unfairly limited the obligations and liabilities of, or otherwise unfairly advantaged, DOE.  See Fujimoto v. Au, 95 Hawai\`i 116, 156, 19 P.3d 699, 739 (2001) (citation omitted).  Moreover, nothing in the record indicates that Roberts did not understand the terms of the agreement, or that the agreement was somehow

---

[3]  The District Court Rules of Civil Procedure (**DCRCP**) Rule 56(e) adopted HRCP Rule 56(e), with changes to gender neutral language.

unconscionable, oppressive, or outside of the parties' reasonable expectation so as to be unenforceable.

The Felix stipend program was offered to special education teaching candidates as a way for DOE to address its need for qualified special education teachers in Hawaiʻi. In exchange for a tuition stipend, Roberts was required to (1) satisfactorily complete all program requirements, (2) obtain licensure as a special education teacher, and (3) accept employment for three years with DOE as a licensed special education teacher, if offered.

But, Roberts performed poorly in her practicum course. She re-enrolled and performed poorly again, therefore failing for purposes of the licensure program. Roberts was allowed to continue in the non-licensure program, but she was dismissed for failing to complete the program within the allotted seven-year duration, and the one-year extension she had been granted. Because Roberts was dismissed from the program, the terms of the agreement dictated that she repay DOE the entire amount of tuition assistance received.

(b) Second, Roberts' contention that DOE made it impossible for her to perform the agreement also fails. "It is a basic principle of contract law that the promisor ordinarily is bound to perform his or her agreement according to its terms or, if he or she unjustifiably fails to perform, to respond in damages for his or her breach of the contract." Warner v. Denis, 84 Hawaiʻi 338, 347, 933 P.2d 1372, 1381 (App. 1997) (cleaned up). "Performance of a contract is excused only when because of an unforeseeable occurrence performance becomes impossible[.]"

4

<u>Harris v. Waikane Corp.</u>, 484 F. Supp. 372, 380 (D. Haw. 1980). "For impossibility to be a viable excuse, that impossibility must usually be objective, such that the contract cannot be performed by anyone." <u>Id.</u>

Here, Roberts does not provide any evidence or legal arguments to support her allegation. Moreover, the record indicates that Roberts' failure to perform was a result of her own actions. <u>Kahili, Inc. v. Yamamoto</u>, 54 Haw. 267, 272, 506 P.2d 9, 12 (1973) ("The general rule is that where a person by his own act makes impossible the performance or the happening of a condition[,] such nonperformance should not relieve him from his obligation under a contract.") (citation omitted). Although Roberts received adequate grades in her lecture courses, she performed poorly in her practicum course and failed for purposes of the licensure program. The record also indicates that Roberts failed to demonstrate the conduct and disposition expected of a licensed special education teacher.

(c) Third, contrary to Roberts' contention that "unjust enrichment cannot be established" because DOE presented "no evidence that tuition stipend payments totaling $6,996.00 were made[,]" she admitted to receiving the benefit of the tuition stipend that was paid directly to the University of Hawaiʻi (**UH**). In addition, the record also indicates DOE awarded the tuition stipend to Roberts.

(d) Fourth, evidence of Roberts' numerous grievances against UH, DOE, and the Hawaiʻi State Teachers Association did not create genuine issues of material fact. Viewing that evidence in the light most favorable to Roberts, there is no

5

showing that Roberts' grievances were material to her dismissal from the DOE program.

Based on the discussion above, the district court did not err in granting summary judgment in favor of DOE and against Roberts because there were no genuine issues of material fact, and DOE was entitled to a judgment against Roberts as a matter of law. See Nuuanu Valley Ass'n, 119 Hawai'i at 96, 194 P.3d at 537.

(2) Roberts next contends that the district court abused its discretion by not allowing her leave to amend her "answer" to DOE's second motion for summary judgment. "A denial of leave to amend [a pleading] under [DCRCP] Rule 15(a) is within the discretion of the trial court" and is reviewed under the abuse of discretion standard. Gonsalves v. Nissan Motor Corp. in Hawai'i, Ltd., 100 Hawai'i 149, 158, 58 P.3d 1196, 1205 (2002) (citation omitted).

Here, Roberts' response to DOE's second motion for summary judgment, although titled as an "answer," was drafted as a memorandum in opposition to DOE's second motion for summary judgment. It was not an answer to a complaint, cross-claim, or counterclaim as contemplated by DCRCP Rules 15(a) and 7(a). And without leave of the court, Roberts filed a supplemental "answer" attaching numerous grievance forms. Nonetheless, as discussed above, the grievances filed did not prove a genuine issue of material fact existed. Therefore, Roberts failed to demonstrate that the district court abused its discretion.

(3)   Contrary to Roberts' argument, under the facts of this case, Roberts' educational records were properly obtained.

Pursuant to UH's "Procedures Relating to Protection of the Educational Rights and Privacy of Students," DOE was not required to obtain a court order or subpoena to access Roberts' educational records.[4]  Furthermore, the Family Educational Rights and Privacy Act of 1974 (**FERPA**) allows an educational agency or institution to disclose personally identifiable information from a student's education record, without the student's consent, if "an educational agency or institution initiates legal action against a parent or student."  34 CFR § 99.31(a)(9)(iii)(A).  The "educational agency or institution may disclose to the court, without a court order or subpoena, the education records of the student that are relevant for the educational agency or institution to proceed with the legal action as plaintiff."  Id.

Disclosure without the student's consent is also appropriate if the "disclosure is in connection with financial aid for which the student has applied or which the student has received, if the information is necessary for such purposes as to . . . [e]nforce the terms and conditions of the aid."  34 CFR § 99.31(a)(4)(i)(D).  And FERPA "does not create a private right of action . . . under 42 U.S.C. § 1983."  Desyllas v. Bernstine, 351 F.3d 934, 940 n.2 (9th Cir. 2003).

Based on the foregoing, we hold that the district court did not err in granting DOE's motion for summary judgment and

---

[4]   UH's Administrative Procedures can be found at: https://www.hawaii.edu/policy/index.php?action=viewPolicy&policySection=ap&policyChapter=7&policyNumber=022&menuView=closed (last visited Aug. 16, 2022).

awarding money damages.  Therefore, we affirm the district court's May 3, 2018 Judgment.

DATED:  Honolulu, Hawaiʻi, August 22, 2022.

On the briefs:                    /s/ Keith K. Hiraoka
                                  Presiding Judge
Sandra J. Roberts,
Self-represented                  /s/ Karen T. Nakasone
Defendant-Appellant.              Associate Judge

Lyle T. Leonard,                  /s/ Sonja M.P. McCullen
Deputy Attorney General,          Associate Judge
for Plaintiff-Appellee.